PAUL GROSSMAN (SB# 035959)
paulgrossman@paulhastings.com
STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
JOSEPH R. ANDERSON (SB# 261382)
josephanderson@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BENJAMIN GALVEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., doing business as DISNEYLAND HOTEL, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  SACV 11-00987 JST (RNBx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446; DECLARATION OF MARSHA REED IN SUPPORT THEREOF** |

LEGAL_US_W # 68340174.1

NOTICE OF REMOVAL

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2   COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO

3   PLAINTIFF BENJAMIN GALVEZ AND HIS ATTORNEYS OF RECORD,

4   JAMES HAWKINS APLC:

5

6          PLEASE TAKE NOTICE that defendant Walt Disney Parks and

7   Resorts U.S., Inc. ("Defendant") hereby removes this action from the Superior

8   Court of the State of California for the County Orange to the United States District

9   Court for the Central District of California, pursuant to 28 U.S.C. sections 1332 (as

10   amended by the Class Action Fairness Act of 2005, Pub. L. 109-2,

11   § 4(a) ("CAFA")) and 1441(a) and (b), based upon the following:

12

13          1.    On or about May 5, 2011, plaintiff Benjamin Galvez

14   ("Plaintiff") filed his class action complaint in the Superior Court of the State of

15   California for the County of Orange entitled: "Benjamin Galvez, individually and

16   on behalf of all others similarly situated, Plaintiff v. Walt Disney Parks and Resorts

17   U.S., Inc., doing business as Disneyland Hotel, and Does 1-10, inclusive,

18   Defendants," designated as Case No. 30-2011-00473272-CU-OE-CXC

19   ("Complaint"). The Complaint alleges the following six purported causes of action

20   against Defendant: (1) Failure to Pay Overtime Wages; (2) Failure to Provide Meal

21   Periods; (3) Failure to Provide Rest Periods; (4) Violation of Labor Code §§ 221,

22   224, 300; (5) Failure to Timely Pay Wages; and (6) Unfair Competition.

23

24          2.    The Complaint, attached hereto as Exhibit A, is the initial and

25   only pleading that was served upon Defendant setting forth the claims for relief

26   against Defendant upon which this action is based and may be removed. *See*

27   Declaration of Marsha L. Reed, ¶ 2 ("Reed Decl."), Exhibit B, attached hereto.

28   Defendant was served with a copy of the Summons and Complaint by delivery to

1  Defendant on June 3, 2011.  Reed Decl., ¶ 2 and Exhibit C, attached hereto.

2  Accordingly, this Notice of Removal is timely filed, pursuant to 28 U.S.C. section

3  1446(b).

4

5      3.    The Complaint and Summons, Exhibits A and C, hereto, the

6  Notice of Case Reassignment, Exhibit D, hereto, and Answer of Defendant,

7  Exhibit, E, hereto, constitute all process, pleadings and orders served on or by

8  Defendant in this action.  *See* 28 U.S.C. section 1446(a).

9

10     4.    In accordance with 28 U.S.C. section 1446(d), the undersigned

11  counsel certifies that a copy of this Notice of Removal and all supporting papers

12  will be promptly served on Plaintiff's counsel and filed with the Clerk of the

13  Orange County Superior Court.  A true and correct copy of the form of each of

14  these notices is attached hereto as Exhibits F and G.  Therefore, all procedural

15  requirements under 28 U.S.C. section 1446 have been satisfied.

16

17     5.    Venue is proper in this district pursuant to 28 U.S.C. section

18  1441(a) because the superior court where the removed case was pending is located

19  within this district.

20

21          **Removal Jurisdiction Under CAFA**

22

23     6.    CAFA provides that a putative class action is removable to

24  federal court if:  (a) the proposed class members number at least 100; (b) the

25  amount in controversy exceeds $5 million, exclusive of interest and costs; and

26  (c) any member of a class of plaintiffs is a citizen of a different state from any

27  defendant.  See 28 U.S.C. section 1332(d).  Each of these requirements is met in

28  this action, and therefore, Defendant may properly remove the Complaint on the

LEGAL_US_W # 68340174.1                    -2-

1    basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a)

2    and/or 28 U.S.C. section 1332(d)(2).

3

4    **<u>The Citizenship Of The Parties Is Diverse</u>**

5

6         7.    Plaintiff is now, and was at the time this action was commenced,

7    a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a),

8    because at all material times his place of residence and domicile is and was within

9    the State of California. See Complaint, ¶ 6; Reed Decl., ¶ 4. Plaintiff's

10    employment records show his home address in Anaheim, Orange County,

11    California and that he worked for Defendant in Orange County, was paid wages in

12    Orange County and had California taxes withheld from his pay. Reed Decl., ¶ 4.

13    Therefore, Plaintiff is a citizen of California.

14

15         8.    Defendant is now, and was at the time this action was

16    commenced, a citizen of the State of Florida within the meaning of 28 U.S.C.

17    section 1332(c)(1), because it is now and was at all material times incorporated

18    under the laws of the State of Florida, and maintains, and at all material times

19    maintained, its principal place of business in the State of Florida. See Reed Decl.,

20    ¶ 3. In addition, most of Defendant's employees and operations are, and at all

21    material times were, located in the State of Florida. Reed Decl., ¶ 3. Thus, Plaintiff

22    is a citizen of a state different from Defendant.

23

24         9.    The presence of doe defendants has no bearing on diversity with

25    respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this

26    Chapter, the citizenship of defendants sued under a fictitious name shall be

27    disregarded.").

28

## The Proposed Class Members Number At Least 100

10.     In the Complaint, Plaintiff proposes a class that includes "[a]ny and all persons who are or were employed in non-exempt hotel positions, however titled, by Defendant in the [S]tate of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit . . . ." Complaint ¶ 14. Plaintiff further alleges that the proposed class is "estimated to be more than one hundred (100) individuals . . . ." Complaint ¶ 15(a). In fact, as defined by Plaintiff, for each year of the covered period, the proposed class consisted of more than 2,600 employees. Reed Decl., ¶ 5. Accordingly, the proposed class numbers at least 100 individuals.

## The Amount In Controversy Exceeds $5 Million

11.     Without admitting that Plaintiff and/or the purported class could recover any damages, the amount Plaintiff is seeking in this action for which Plaintiff asserts a four year liability period exceeds $5,000,000, exclusive of interest and costs, based on the following evidence and authorities:

(a)     In an effort to avoid federal court jurisdiction, Plaintiff alleges that "the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." Complaint ¶ 4. However, a plaintiff cannot avoid removal to this Court by pleading in bad faith that damages do not exceed the jurisdictional minimum. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (noting a "good faith" requirement in pleading amount in controversy); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The inquiry, however, does not end merely because the plaintiff alleges damages below the threshold. The

face of the pleading will not control if made in bad faith."). Where a plaintiff has alleged that the amount in controversy is less than the required $5 million in damages, "'a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum.'" *Lowdermilk,* 479 F.3d at 999, *quoting Morgan v. Gay,* 471 F.3d 469 (3rd Cir. 2006).

(b)     Among other relief, Plaintiff seeks the following compensatory (money) damages: payment of alleged unpaid overtime compensation (Complaint ¶ 36); and payment of one hour of pay for each day a required meal period was not provided and an additional hour of pay for each day a required rest period was not provided. (Complaint ¶¶ 41, 46; Prayer for Relief, p.14, lines 16-17 and 20-21). In addition, Plaintiff seeks to recover the total amount of allegedly unauthorized deductions from wages for contributions by putative class members to Defendant's charitable giving fund, the "Cast Fund" (Complaint ¶ 53), and penalties under Labor Code section 203 for all members of a proposed subclass consisting of former non-exempt employees of the hotels at the Disneyland Resort in California who were not timely paid their final wages upon termination of employment in an amount equal to their daily wage times the number of days since termination, up to thirty (30) days. Complaint ¶ 58. Plaintiff also seeks an award of attorneys' fees. Complaint, Prayer for Relief, p.15, lines 15-16.

(c)     For purposes of removal, the Court must accept as true Plaintiff's allegations as plead in the Complaint and assume that Plaintiff will prove liability and recover the damages alleged. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C. D. Cal. 2002).

(d)     With respect to Defendant's alleged failure to provide meal and rest periods as required by California law, Plaintiff alleges: "[f]or the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members . . . first and second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders . . . ." and "[f]or the four (4) preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders . . . ." Complaint ¶¶ 40, 45.  Plaintiff thus fails to include any fact-specific allegations that would result in a meal and rest period violation rate that is less than 100%. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *2 (E. D. Cal. 2007) (denying motion to remand complaint removed pursuant to CAFA; observing that plaintiff's allegation that putative class members were "not always provided lawful meal [and] rest periods" must be interpreted as alleging a 100% violation rate).

(e)     At all material times, of the more than 2,600 members of the proposed class, on average, 85% (or over 2200) are or were full-time employees, 4% (or over 100) are or were part-time regular employees, and 11% (or over 300) are or were temporary employees, and during the period May 5, 2007 to the present, the full-time employees in the proposed class, on average, work and have worked more than four shifts per week of over seven hours per shift, and during this same period, the part-time regular employees in the proposed class, on average, work and have worked more than three shifts per week of over six hours per shift, and the part-time temporary employees in the proposed class, on average, work and have worked three shifts per week of over six hours per shift.  Reed Decl., ¶ 5.

1        (f)    At all material times, employees in the alleged class earn

2  or have earned the California minimum wage, which was $7.50 until December 31,

3  2007 and went to $8.00 on January 1, 2008, or more per hour.  Reed Decl., ¶ 5.

4

5        (g)    Based on (i) Plaintiff's allegation of a 100% rate of

6  violation of California's meal and rest period requirements, (ii) the indisputable

7  evidence submitted in support of this Notice of Removal with respect to the size of

8  the putative class, the number of weekly shifts worked by the putative class

9  members, and the **lowest** hourly wage paid to each of the putative class members

10  for the period of time covered by the action, and (iii) the statutory penalty wages

11  being sought by Plaintiff based on the alleged violation of the meal and rest period

12  requirements, and *excluding* the amount sought in connection with any of his other

13  claims and his request for attorneys' fees, the amount in controversy in this action

14  exceeds $5 million, as follows:

15

16        ●    number of putative class members = at least 2,600

17

18        ●    average hourly rate of pay = at least $7.92

19        ●    weighted (for full-time/part-time classification) average number

20               of weekly shifts worked by class members = at least 3.8 shifts

21

22        ●    total calendar weeks since May 5, 2007 = 216 weeks

23        ●    amount being sought by Plaintiff for alleged daily meal period

24               violations during the four-year period alleged in this action =

25               **$16,901,917** (2600 x $7.92 x 3.8 x 216)

26

27

28

1     ●  amount being sought by Plaintiff for alleged daily rest period

2       violations during the four-year period alleged in this action =

3       **$16,901,917** (2600 x $7.92 x 3.8 x 216)

4

5     ●  total amount being sought by Plaintiff for alleged daily meal and

       rest period violations = **$33,803,826**

6

7     (h)  Defendant was party to two prior class actions, one

8 entitled *Amber Galloway v.  Walt Disney World Co.*, LASC Case No. BC381236

9 ("Galloway Case") and the other entitled *Sodajohn Lam, et al. v. Walt Disney*

10 *World Co.*, OCSC Case No. 30-2008-00044743 ("Lam Case"), which actions

11 included causes of action for alleged violation of California's meal and rest period

12 requirements and were settled with final court approval on August 28, 2008 and

13 November 7, 2008, respectively.  Reed Decl. ¶ 6.  The court-approved settlements

14 covered all the non-exempt employees at Disneyland Resort in Anaheim, including

15 the members of the putative class in this action, and resulted in a release of claims

16 barring all of the meal and rest period claims of the class members through the date

17 of preliminary approval of the settlement in each case (April 23, 2008 in the

18 Galloway Case and June 30, 2008 in the Lam Case), and dismissal of the action

19 with prejudice and entry of a final judgment.  Reed Decl., ¶ 6 and Exhibits 1 - 4,

20 thereto.  As a result, the maximum period of liability for meal and rest period

21 violations for most of the putative class members in this action is from July 1, 2008

22 - present (or 156 calendar weeks).

23

24     (i)  Even if Plaintiff had alleged just two meal and/or rest

25 period violations per class member per week, and reducing the liability period due

26 to the release of claims in the Lam Case, the indisputable evidence establishes the

27 amount in controversy still exceeds $5 million, as follows:

28

- number of putative class members = at least 2,600

- hourly rate of pay since July 1, 2008 = at least $8.00

- total calendar weeks since June 30, 2008 = 156 weeks

- amount being sought by Plaintiff for two alleged weekly meal and/or rest period violations during the non-released portion of the four-year period alleged in this action = **$6,489,600** (2600 x $8.00 x 156 x 2)

(j)     Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332, a court may consider the attorneys' fees being sought. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees are included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary).  The Ninth Circuit has established a benchmark of 25% for approved attorneys' fees awards in class action cases. *See Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989).

(k)     Adding a 25% attorneys' fee award to the amount being sought by Plaintiff in connection with the 100% meal and rest period violation rate allegations in the Complaint brings the amount in controversy to **$42,254,782**. Conservatively considering just two meal and/or rest period violations each week of the non-released period of time covered by this action, the amount in controversy rises to **$8,112,000** after adding a benchmark attorneys' fee award.

12.     The Court may not decline to exercise jurisdiction over this action pursuant to 28 U.S.C. section 1332(d)(3), because (a) Defendant is not a citizen of the state in which the action was filed; (b) Defendant is the "primary

1   defendant;" and (c) Defendant is the only defendant from whom "significant relief

2   is sought."

3

4      WHEREFORE, Defendant removes the above-entitled action now

5   pending in the Superior Court of the State of California for the County of Orange

6   County to this Court.

7

8   DATED:  July 1, 2011    PAUL, HASTINGS, JANOFSKY & WALKER
                    LLP

9

10

11             By:

12               STEPHEN L. BERRY

13             Attorneys for Defendant
          WALT DISNEY PARKS AND RESORTS U.S.,

14             INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JAMES HAWKINS APLC
   JAMES R. HAWKINS SBN 192925
2  GREGORY MAURO, SBN 222239
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile: (949) 387-6676
   James@jameshawkinsaplc.com
5  greg@jameshawkinsaplc.com

6  Attorneys for BENJAMIN GALVEZ and all
   others similarly situated

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/05/2011** at 09:29:13 AM

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

         COUNTY OF ORANGE, CIVIL COMPLEX CENTER

9

10  BENJAMIN GALVEZ, individually and on
    behalf of all others similarly situated,

11                    Plaintiff,

12       v.

13  WALT DISNEY PARKS AND RESORTS
    U.S., INC., doing business as DISNEYLAND
14  HOTEL, and DOES 1-10, inclusive,

15                    Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.   30-2011-00473272-CU-OE-CXC

Judge David C. Velasquez

**CLASS ACTION PURSUANT TO
CALIFORNIA CODE OF CIVIL
PROCEDURE §382**

**COMPLAINT FOR:**

(1) FAILURE TO PAY OVERTIME WAGES;

(2) FAILURE TO PROVIDE MEAL PERIODS;

(3) FAILURE TO PROVIDE REST PERIODS;

(4) VIOLATION OF CALIFORNIA LABOR CODE
§§221, 224, 300;

(5) FAILURE TO TIMELY PAY WAGES;

(6) UNFAIR COMPETITION.

DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A PAGE 11

1      COMES NOW plaintiff Benjamin Galvez ("Plaintiff"), individually and on behalf of

2  others similarly situated, and asserts claims against defendants Walt Disney Parks and Resorts

3  U.S., Inc., doing business as Disneyland Hotel ("Disney" or "Defendant"), and Does 1-10,

4  inclusive (collectively "Defendants") as follows:

5                      **JURISDICTION AND VENUE**

6      1.     This class action is brought pursuant to California Code of Civil Procedure §382.

7      2.     This Court has jurisdiction over this action pursuant to the California Constitution

8  Article VI §10, which grants the California Superior Court original jurisdiction in all causes

9  except those given by statute to other courts. The statutes under which this action is brought do

10  not give jurisdiction to any other court.

11      3.     This Court has jurisdiction over Defendants because, upon information and belief,

12  each Defendant is either a resident of California, has sufficient minimum contacts in California,

13  or otherwise intentionally avails itself of the California market so as to render the exercise of

14  jurisdiction over it by the California Courts consistent with traditional notions of fair play and

15  substantial justice.

16      4.     The California Superior Court also has jurisdiction in this matter because the

17  individual claims of the members of the Classes herein are under the seventy-five thousand dollar

18  ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

19  fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of

20  2005. Further, there is no federal question at issue, as the issues herein are based solely on

21  California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil

22  Code ("CC") and B&PC.

23      5.     Venue is proper in this Court because upon information and belief, one or more of

24  the Defendants, reside, transact business, or have offices in this County and the acts or omissions

25  alleged herein took place in this County.

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE 12

<u>PARTIES</u>

6.    Plaintiff is, and at all times mentioned in this complaint was, a resident of Anaheim, California.

7.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

8.    Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

9.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

10.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

11.    Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT _____A_____  PAGE _13_

1  be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and

2  severally.   Whenever and wherever reference is made to individuals who are not named as

3  Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,

4  at all relevant times acted on behalf of Defendants named in this complaint within the scope of

5  their respective employments.

6                         **CLASS ACTION ALLEGATIONS**

7          12.   . Plaintiff brings this action on his own behalf, as well as on behalf of each and all

8  other persons similarly situated, and thus, seeks class certification under California Code of Civil

9  Procedure §382.

10         13.     All claims alleged herein arise under California law for which Plaintiff seeks relief

11  as authorized by California law.

12         14.    The proposed class is comprised of and defined as:

13     Any and all persons who are or were employed in non-exempt hotel positions,
       however titled, by Defendants in the state of California within four (4) years prior
14     to the filing of the complaint in this action until resolution of this lawsuit
       (hereinafter collectively referred to as the "Class" or "Class Members").
15

16     Plaintiff's proposed subclasses are comprised of and defined as:

17     All Class Members who are or were employed by Defendant and who worked more than
       eight (8) hours in a workday or more than forty (40) hours in a workweek (hereinafter
18     collectively referred to as the "Overtime Subclass").

19     All Class Members who are or were employed by Defendant and who worked more than
       eight (8) hours in a workday or more than forty (40) hours in a workweek and received a
20     shift premium (hereinafter collectively referred to as the "Overtime Subclass").

21
       All Class Members who are or were employed by Defendant and who worked more than
22     six hours in a workday (hereinafter collectively referred to as the "Meal Period
       Subclass").
23

24     All Class Members who are or were employed by Defendant and who worked more than
       ten hours but less than twelve hours in a workday (hereinafter collectively referred to as
25     the "Second Meal Period Subclass").

26     All Class Members who are or were employed by Defendant and who worked more than
       twelve hours in a workday (hereinafter collectively referred to as the "Second Meal Period
27     Subclass B").

28

                                   - 3 -

All Class Members who are or were employed by Defendant and who worked more than four hours in a workday (hereinafter collectively referred to as the "First Rest Period Subclass").

All Class Members who are or were employed by Defendant and who worked more than eleven hours in a workday (hereinafter collectively referred to as the "Third Rest Period Subclass").

All Class Members who are or were employed by Defendant and subject to Defendant's policy of deductions for "Cast Fund" (hereinafter collectively referred to as the "Unlawful Deduction Subclass").

All Class Members who are or were employed by Defendant and subject to Defendant's policy of deductions for Cast Fund without written authorization (hereinafter collectively referred to as the "LC §221 Subclass").

All Class members whose employment was terminated at any time within three (3) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Waiting Time Subclass").

All Class Members who are or were employed by Defendant and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

15. There is a well defined community of interest in this litigation and the members of the Class and Subclasses are easily ascertainable as set forth below:

a. <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class and Subclasses are estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by being denied wages,

- 4 -

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT _A_   PAGE _5_

1   including overtime, due to Defendants' policies and practices that affected each member of the

2   Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair

3   and/or wrongful acts as to each member of the Class and/or Subclasses.

4          c.    Adequacy: Plaintiff is qualified to, and will fairly and adequately protect

5   the interests of each member of the Class and/or Subclasses with whom he has a well defined

6   community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges

7   that he has an obligation to make known to the Court any relationships, conflicts, or differences

8   with any member of the Class and/or Subclasses. Plaintiff's attorneys and the proposed counsel

9   for the Class and Subclasses are versed in the rules governing class action discovery, certification,

10  litigation, and settlement and experienced in handling such matters. Other former and current

11  employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

12         d.    Superiority: The nature of this action makes the use of class action

13  adjudication superior to other methods. A class action will achieve economies of time, effort,

14  judicial resources, and expense compared to separate lawsuits. The prosecution of separate

15  actions by individual members of the Class and/or Subclasses would create a risk of inconsistent

16  and/or varying adjudications with respect to the individual members of the Class and/or

17  Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in

18  the impairment of the rights of the members of the Class and/or Subclasses and the disposition of

19  their interests through actions to which they were not parties.

20         e.    Public Policy Considerations: Employers in the state of California violate

21  employment and labor laws everyday. Current employees are often afraid to assert their rights

22  out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

23  because they believe their former employers may damage their future endeavors through negative

24  references and/or other means. The nature of this action allows for the protection of current and

25  former employees' rights without fear or retaliation or damage.

26

27

28

- 5 -

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE 16

1        f.    <u>Commonality:</u> There are common questions of law and fact as to the Class

2 and Subclasses that predominate over questions affecting only individual members including, but

3 not limited to:

4        1.    Whether Defendants failed to accurately incorporate shift differentials into

5 the regular rate of pay for overtime calculation purposes to Plaintiff and Class Members for hours

6 Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours

7 per week, and double time wages for work over twelve (12) hours in a day;

8        2.    Whether Defendants failed to pay Plaintiff and members of the Waiting

9 Time Subclass all wages earned either at the time of discharge, or within seventy-two (72) hours

10 of their voluntarily leaving Defendants' employ;

11        3.    Whether Defendants failed to provide meal periods and rest breaks in

12 accordance with Labor Code §512 and the applicable Industrial Welfare Commission ("IWC")

13 wage order;

14        4.    Whether Defendants failed to record meal periods in accordance with the

15 applicable IWC wage order;

16        5.    Whether Defendants made unlawful deductions from wages without

17 written authorization;

18        6.    Whether Defendants failed to pay Plaintiff and members of the Waiting

19 Time Subclass all wages earned either at the time of discharge, or within seventy-two (72) hours

20 of their voluntarily leaving Defendants' employ;

21        7.    Whether Defendants engaged in unfair competition in violation of California

22 Business & Professions Code §§17200, et seq.; and

23        8.    The appropriate amount of damages, restitution, and/or monetary penalties

24 resulting from Defendants' violations of California law.

25 <u>FACTUAL ALLEGATIONS</u>

26    16.    At all times set forth herein, Defendants employed Plaintiff and other persons in

27 the capacity of non-exempt hotel employees, however titled, throughout the state of California.

28    17.    Defendants employed Plaintiff as a "non-exempt cook" during the liability period.

EXHIBIT A PAGE 17

1    In that capacity, Plaintiff's duties included cooking food for hotel guests.

2        18.    Defendants continue to employ non-exempt hotel employees, however titled,

3    throughout the state of California.

4        ·19.    Plaintiff is informed and believes, and·thereon alleges, that Defendants are and

5    were advised by skilled lawyers and other professionals, employees, and advisors with knowledge

6    of the requirements of California's wage and employment laws.

7        20.    During the relevant time frame, Plaintiff and Class Members frequently worked

8    well over eight (8) hours in a day and forty (40) hours in a work week, but were not accurately

9    paid overtime wages for that work, as required under California law.

10       21.    During the relevant time frame, Plaintiff and Class Members frequently worked

11   over twelve (12) hours in a single day, but were not accurately paid double time wages for that

12   work, as required under California law.

13       22.    During the relevant time frame, Defendants compensated Plaintiff and Class

14   Members based upon an hourly rate.

15       23.    During the relevant time frame, Defendant also compensated Plaintiff and the

16   Class Members with shift differentials, but failed to incorporate the shift differentials into the

17   regular rate of pay for overtime calculation purposes.

18       24.    During the relevant time frame, Plaintiff and Class Members were systematically

19   denied meal periods and rest breaks due to the demands of Defendants and Defendants' clients.

20   Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class

21   Members an extra hour of pay as required by California law where meal periods and rest breaks

22   were not provided. Defendants failed to track hours worked or meal period start/end times in

23   violation of the applicable wage order.

24       25.    During the relevant time frame, Defendants deducted paid and earned wages in the

25   form of a "Cast Fund" without written authorization.

26       26.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,

27   should know, knew, and/or should have known that Plaintiff and the other Class Members were

28   entitled to receive accurate premium wages for overtime compensation and double time

- 7 -

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE 18

1  compensation, pursuant to Labor Code §§510, but were not receiving accurately computed

2  compensation.

3      27.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

4  mentioned, Defendants knew that they had a duty to accurately compensate Plaintiff and Class

5  Members premium wages, and meal and rest period premium wages, and that Defendants had the

6  financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or

7  intentionally failed to do so.

8                           **CLASS ACTION CLAIMS**

9      **FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES**

10               **By Plaintiff and Class Against All Defendants**

11      28.    Plaintiff repeats and incorporates herein by reference each and every allegation set

12  forth above, as though fully set forth herein.

13      29.    At all times relevant, the IWC wage orders applicable to Plaintiff's and Class

14  Members' employment by Defendants provided that employees working for more than eight (8)

15  hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate

16  of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours

17  in a day or forty (40) hours in a work week.  An employee who works more than twelve (12)

18  hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

19      30.    Labor Code §510 codifies the right to overtime compensation at the rate of one

20  and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a

21  day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of

22  pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a

23  day on the seventh day of work in a particular work week.

24      31.    At all times relevant, Plaintiff and Class Members consistently worked in excess of

25  eight (8) hours in a day and/or forty (40) hours in a week.

26      32.    At all times relevant, Defendants' failed to accurately include shift differentials

27  into the regular rate of pay for overtime calculation purposes.

28      33.    At all times relevant, Plaintiff and Class Members regularly performed non-

- 8 -

EXHIBIT $A$ PAGE 19

1   exempt work in excess of 50% of the time, and thus, were subject to the overtime requirements of

2   the applicable IWC wage orders and the Labor Code.

3       34.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of

4   premium overtime compensation violates the provisions of Labor Code §510 and §1198, and the

5   applicable IWC wage orders and is therefore unlawful.

6       35.    Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and

7   have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the

8   overtime wages owed.

9       36.    Pursuant to Labor Code §1194, Plaintiff and Class Members are entitled to recover

10   their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

11   **SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**

12   **By Plaintiff and Class Against All Defendants**

13       37.    Plaintiff incorporates by reference and realleges each and every allegation

14   contained above, as though fully set forth herein.

15       38.    Pursuant to Labor Code §512, no employer shall employ an employee for a work

16   period of more than five (5) hours without providing a meal break of not less than thirty (30)

17   minutes in which the employee is relieved of all of his or her duties.  An employer may not

18   employ an employee for a work period of more than ten (10) hours per day without providing the

19   employee with a second meal period of not less than thirty (30) minutes, except that if the total

20   hours worked is no more than twelve (12) hours, the second meal period may be waived by

21   mutual consent of the employer and the employee only if the first meal period was not waived.

22       39.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

23   employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

24   the work of the employee must prevent an employee from being relieved of all duties relating to

25   his or her work for the employer and the employees must consent in writing to the "on duty" meal

26   period.  Plaintiff and Class Members did not consent in writing to an "on duty" meal period.

27   Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and

28   Class Members are prevented from being relieved of all duties.  Despite said requirements of the

**CLASS ACTION COMPLAINT FOR DAMAGES**

EXHIBIT _A_ PAGE _20_

1   IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and

2   Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods

3   and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

4        40.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to

5   provide Plaintiff and Class Members, in their roles as non-exempt hotel employees, however

6   titled, first and second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage

7   orders applicable to Plaintiff's and Class Members' employment by Defendants.   In addition,

8   Defendants failed to record meal periods for Plaintiff and Class Members in accordance with the

9   applicable IWC wage order.   As a proximate result of the aforementioned violations, Plaintiff and

10  Class Members have been damaged in an amount according to proof at time of trial.

11       41.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to

12  recover one (1) hour of premium pay for each day in which a meal period was not provided.

13  **THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS**

14  **By Plaintiff and Class Against All Defendants**

15       42.     Plaintiff incorporates by reference and realleges each and every allegation

16  contained above, as though fully set forth herein.

17       43.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

18  employment by Defendants, "Every employer shall authorize and permit all employees to take

19  rest periods, which insofar as practicable shall be in the middle of each work period....   [The]

20  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

21  minutes net rest time per four (4) hours worked or major fraction thereof....   Authorized rest

22  period time shall be counted as hours worked, for which there shall be no deduction from wages."

23  Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any

24  rest period mandated by an applicable order of the IWC.

25       44.     Defendants were required to authorize and permit employees such as Plaintiff and

26  Class Members to take rest periods, based upon the total hours worked at a rate of ten (10)

27  minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.

28  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members'

- 10 -

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT 4 PAGE 21

employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, in their roles as non-exempt hotel employees, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

45.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

46.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

## FOURTH CAUSE OF ACTION FOR UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 221, 224, and 300

### By Plaintiff and Class Against All Defendants

47.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

48.     Labor Code §221 provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code §221 prohibits an employer from taking back earned wages.

49.     Defendants collected portions of earned wages in the form of a "Cast Fund" from Plaintiff and Class Members.

50.     These deductions were in violation of Labor Code §221.

51.     Defendants are liable to Plaintiff and the Class for wages Defendants deducted from Plaintiff's and Class Members' wages that had already been earned and/or paid in an amount according to proof at the time of trial.

52.     Plaintiff alleges that Defendants unlawfully made deductions from Plaintiff's and Class member's earned wages without written authorization and that those deductions unlawfully reduced Plaintiffs' and Class Members' standard wages in violation of Labor Code §224 and §300.

- 11 -

EXHIBIT ___ PAGE ___

1       53.   Defendants are liable to Plaintiff and Class Members for the value of these

2   unlawful deductions.

3       **FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

4       **By Plaintiff, Class Members, and Waiting-Time Subclass Against All Defendants**

5       54.   Plaintiff repeats and incorporates herein by reference each and every allegation

6   contained above, as though fully set forth herein.

7       55.   Labor Code §§201-202 requires an employer who discharges an employee to pay

8   compensation due and owing to said employee immediately upon discharge and that if an

9   employee voluntarily leaves his or her employment, his or her wages shall become due and

10  payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

11  two (72) hours previous notice of his or her intention to quit, in which case the employee is

12  entitled to his or her wages on their last day of work.  Labor Code §203 provides that if an

13  employer willfully fails to pay compensation promptly upon discharge, as required by Labor

14  Code §§201-202, the employer is liable for waiting time penalties in the form of continued

15  compensation for up to thirty (30) work days.

16      56.   During the relevant time period, Defendants willfully failed and refused, and

17  continue to willfully fail and refuse, to pay Plaintiff and members of the Waiting Time Subclass

18  their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72)

19  hours of their voluntarily leaving Defendants' employ.  These wages include the premium wages

20  that were miscalculated, "Cast Fund" amounts that were unlawfully deducted without written

21  authorization, and meal and rest break period premiums, but upon separation Defendants failed to

22  pay wages due and owing within the time frame specified by Labor Code §§201-202.

23      57.   Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members

24  their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their

25  voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

26      58.   As a result, Defendants are liable to Plaintiff and members of the Waiting Time

27  Subclass for waiting time penalties pursuant to Labor Code §203, in an amount according to

28  proof at the time of trial.

- 12 -

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT ___A___ PAGE __23__

### SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION

#### By Plaintiff and Class Against All Defendants

59.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

60.   Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

61.   Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

62.   A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of failing to accurately pay Plaintiff and Class Members overtime wages over the past four (4) years violates Labor Code §1198, §510, and §203. Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay in lieu thereof, violates Labor Code §512, and §226.7. Furthermore, Defendants made unlawful deductions from earned wages, without authorization, all in violation of Labor Code §221, §224, and §300.

63.   Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

64.   Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to Labor Code §218.5, and §1194; and California Code of Civil Procedure §1021.5; interest; and an award of costs.

- 13 -

EXHIBIT __A__ PAGE 24

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representative of the Subclass; and

4. That counsel for Plaintiff be appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For compensatory damages in an amount equal to the amount of unpaid overtime and double time compensation owed to Plaintiff and Class Members;

3. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1. For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2. For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1. For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2. For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

1. For compensatory damages according to proof;

2. For pre-judgment interest on any wages Defendants deducted from the day that such amounts were deducted according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems proper.

- 14 -

EXHIBIT A PAGE 25

On the Fifth Cause of Action

1.    For statutory penalties pursuant to Labor Code §203;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay overtime wages over the last four (4) years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §218.5, and §1194, and California Code of Civil Procedure §1021.5;

5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §218.5, and §1194; and

6.    For such other and further relief as the Court deems proper.

*CLASS ACTION COMPLAINT FOR DAMAGES*

EXHIBIT _A_ PAGE _26_

1

## DEMAND FOR JURY TRIAL

2      Plaintiff and members of the Class and Subclass request a jury trial in this matter.

3   Dated: May 4, 2011

4                                        JAMES HAWKINS APLC

5

6                               By: _____

7                                    JAMES R. HAWKINS, ESQ.
                                     GREGORY MAURO, ESQ.

8

9                                    Attorneys for Plaintiff BENJAMIN GALVEZ
                                     and for Members of the Class and Subclass

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A PAGE 27

# DECLARATION OF MARSHA L. REED

I, Marsha L. Reed, declare:

1.      I am a Vice President and Secretary for Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), which owns and operates the Disneyland Resort in Anaheim, California.  The facts contained herein are based upon either my personal knowledge or information from the company's business records provided to me in my capacity as an officer of WDPR.  I submit this declaration is support of WDPR's Notice of Removal of Civil Action.

2.      Plaintiff's complaint ("Complaint") is the initial and only pleading served on WDPR in this action.  A true and correct copy of the Complaint served on WDPR in this action is attached to the Notice of Removal as Exhibit A. On June 3, 2011, I accepted service of the Complaint as WDPR's agent for service of process.  A true and correct copy of the Summons that accompanied the Complaint is attached to the Notice of Removal as Exhibit C.

3.      WDPR is now and was at all material times incorporated under the laws of the State of Florida.  WDPR maintains and at all material times has maintained its principal place of business in Lake Buena Vista, Florida.  The majority of WDPR's employees and operations are located in Florida.  Specifically, approximately 65% of WDPR's employees are located in Florida, over 70% of WDPR's tangible properties are located in Florida, over 72% of WDPR's income is earned in Florida, and over 74% of the WDPR's sales take place in Florida.

4.      I am informed and believe, based on a review of the business records of WDPR, that plaintiff Benjamin Galvez ("Plaintiff") was employed at the

Disneyland Resort until April 2, 2009, that his home address is located in Anaheim, Orange County, California, and that he worked in Orange County, was paid in Orange County, and had California taxes withheld from his pay.

5.      I am informed and believe, based upon a review of WDPR's business records, that (a) the number of non-exempt employees who currently work at the hotels at the Disneyland Resort is in excess of 2,800; (b) the average number of non-exempt employees who have worked at the hotels at the Disneyland Resort has been in excess of 2,600 for each calendar year during the period May 5, 2007 to the present, of which, on average, about 85% (or over 2200) are full-time employees, 4% (or over 100) are part-time regular employees, and 11% (or over 300) are temporary employees; (c) on average, during the period May 5, 2007 to the present, the full-time non-exempt employees at the hotels at Disneyland Resort work and have worked more than four shifts per week of over seven hours per shift, and during this same period, the part-time regular employees work and have worked more than three shifts per week of over six hours per shift, and the part-time temporary employees work and have worked three shifts per week of over six hours per shift; (d) since May 5, 2007, non-exempt employees at the hotels at Disneyland Resort are and were paid the California minimum wage of $7.50 per hour until December 31, 2007 and $8.00 per hour since January 1, 2008, or more, including hourly wage rates over $23.00; and (e) Plaintiff's final wage rate was $14.02 per hour.

6.      WDPR's prior name was "Walt Disney World Co.," and it was party to two prior class action lawsuits, one entitled *Amber Galloway v. Walt Disney World Co.,* LASC Case No. BC381236 (the "Galloway Case"), which covered all non-exempt employees in the Goofy's Kitchen restaurant in the Disneyland Hotel at the Disneyland Resort in Anaheim and which included causes

1  of action for alleged violation of California's meal and rest period requirements,

2  and the other entitled *Sodajohn Lam, et al. v. Walt Disney World Co.*, OCSC Case

3  No. 30-2008-0004473 (the "Lam Case"), which covered all non-exempt employees

4  at the Disneyland Resort in Anaheim except those who were or had been employed

5  in the Goofy's Kitchen restaurant and which action included causes of action for

6  alleged violation of California's meal and rest period requirements. The Galloway

7  Case was settled with final court approval on August 28, 2008, and the Lam Case

8  was settled with final court approval on November 7, 2008. The court-approved

9  settlements covered all the non-exempt employees at Disneyland Resort in

10  Anaheim, including the employees at the hotels who are members of the potential

11  class in this case, and resulted in a release of claims barring all of the meal and rest

12  period claims of the class members in that case through the date of preliminary

13  approval of the settlements (April 23, 2008 for the Galloway Case and June 30,

14  2008 for the Lam Case), and a dismissal of the action with prejudice and entry of a

15  final judgment. A true and correct copy of the Superior Court's Order Granting

16  Motion for Preliminary Approval of Class Action Settlement in the Galloway Case,

17  dated April 23, 2008, is attached hereto as Exhibit 1 and incorporated herein by this

18  reference. A true and correct copy of the Superior Court's Order Granting Final

19  Approval of the Class Action Settlement, Dismissing the Action With Prejudice and

20  Entering Final Judgment in the Galloway Case, dated August 28, 2008, is attached

21  hereto as Exhibit 2 and incorporated herein by this reference. A true and correct

22  copy of the Superior Court's Order Granting Motion for Preliminary Approval of

23  Class Action Settlement in the Lam Case, dated June 30, 2008, is attached hereto as

24  Exhibit 3 and incorporated herein by this reference. A true and correct copy of the

25  Superior Court's Order Granting Final Approval of the Class Action Settlement,

26  Dismissing the Action With Prejudice and Entering Final Judgment in the Lam

27

28

LEGAL_US_W # 68448451.1                    -3-              EXHIBIT B  PAGE 30

DECLARATION OF MARSHA L. REED IN SUPPORT OF NOTICE OF REMOVAL

1    Case, dated November 7, 2008, is attached hereto as Exhibit 4 and incorporated

2    herein by this reference.

3

4         I declare under penalty of perjury of the laws of the United States of

5    America that the foregoing is true and correct.

6

7         Executed on July 1, 2011, at Burbank, California.

8

9    _____

       MARSHA L. REED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

EXHIBIT B PAGE 32

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 3 2008

John A. Clarke Executive Officer/Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

AMBER GALLOWAY, on behalf of herself
and others similarly situated,

      Plaintiffs,

vs.

WALT DISNEY WORLD COMPANY; and
DOES 1 to 50, inclusive,

      Defendants.

Case No. BC381236

Dept. 51

[REVISED PROPOSED] ORDER
GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

The joint motion for preliminary approval of class action settlement initially came on for hearing before this Court in Department 51, the Honorable Jerry K. Fields, presiding, on April 17, 2008. The Court continued the hearing until April 23, 2008, so the parties could submit a declaration of the plaintiff establishing her individual claim and the typicality and commonality of her claim with the claims of the proposed settlement class, and to have certain aspects of the proposed notice to the settlement class clarified.

The Court, having considered the initial and supplemental papers submitted in support of the motion, and having heard the oral argument of the parties, HEREBY ORDERS THE FOLLOWING:

LEGAL_US_W # 58071726.2

-1-

PROPOSED ORDER GRANTING MOTION FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT

EXHIBIT __B__ PAGE __33__

1.     The Court grants preliminary approval of the settlement based upon the terms set forth in the Stipulation of Settlement and Release ("Settlement Agreement") filed with the Court. The settlement appears to be fair, adequate, and reasonable to the class;

2.     The settlement falls within the range of reasonableness and appears to be presumptively valid subject only to any objections that may be raised at the final hearing;

3.     The Court approves, as to form and content, the revised Notice of Pendency of Class Action ("Notice"), submitted to the Court following the initial hearing of this motion, the Claim Form and Release, attached as Exhibit 2 to the Settlement Agreement, and the Request for Exclusion Form, attached as Exhibit 3 to the Settlement Agreement;

4.     The Court directs the mailing of the Notice, the Claim Form and Release, and the Request for Exclusion Form by first class mail to the Settlement Class Members in accordance with the schedule set forth below. The Court finds that the dates selected for the mailing and distribution of the Notice, the Claim Form and Release, and Request for Exclusion Form, as set forth herein, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto;

5.     It is ordered that the settlement class is preliminarily certified for settlement purposes only;

6.     The Court confirms Eric B. Kingsley and Kingsley & Kingsley, APC, as Class Counsel and settlement administrator, and grants preliminary approval to an award of attorneys' fees to Class Counsel in an amount to be set by the Court on further motion up to $60,000, plus costs of up to $16,000, and grants preliminary approval of the reasonable costs of administration up to $5,000;

7.     The Court confirms Amber Galloway as the Class Representative and grants preliminary approval to a proposed service payment to Plaintiff in an amount to be set by the Court on further motion up to $5,000; and

8.     The Court grants preliminary approval of the Public Attorneys General Act payment of $600 to the Labor Work Force Development Agency.

EXHIBIT __B__ PAGE 34

9.     The Court orders the following schedule of dates for the specified actions/further proceedings:

| EVENT | TIMING |
|-------|--------|
| Last day for WDW to provide to Class Counsel with the list of all Settlement Class Members, including names and last known addresses. | Within 15 business days after entry of Court's Order granting preliminary approval of Settlement [May 14, 2008] |
| Last day for Class Counsel to mail Notice, Claim Form, Exclusion Form and W-9 Form to Settlement Class Members. | Within 30 calendar days after preliminary approval [May 23, 2008] |
| Last day for Settlement Class Members to submit required Claim Form, Exclusion Form and W-9 Form or to submit written objections to the settlement | Within 60 calendar days after mailing of class Notice [July 22, 2008] |
| Last day for Class Counsel to provide to WDW's counsel copies of all received Claim Forms, Exclusion Forms, and W-9 Forms. | No later than 10 calendar days after the last day for Settlement Class Members to submit completed Claim Form, Exclusion Form, or objections [August 1, 2008] |
| Last day for Settlement Class Members to file and serve objections to the settlement, and for Class Counsel to file and serve moving papers in support of final settlement approval and request for attorneys' fees and costs | At least 14 calendar days before the final settlement approval hearing [August 14, 2008] |
| Last day for Class Counsel to file with the Court and serve a declaration specifying the due diligence undertaken with regard to the mailing of the Notice | At least 5 court days prior to the final settlement approval hearing [August 21, 2008] |
| Final settlement approval hearing | August 28, 2008 at 9:00 a.m. |
| Last day for Class Counsel to advise WDW of total number of valid individual claims timely submitted by Settlement Class Members and total amount of the Remainder to be paid to these Settlement Class Members | Within 7 calendar days after entry of order granting final settlement approval [September 4, 2008] |
| Settlement Effective Date | 30 calendar days after entry of court order granting final settlement approval, or, if there is any objection to the settlement, within 30 calendar days after expiration of the time to file appeals or the resolution of any appeals filed, unless WDW requests and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld [approx. September 29, 2008] |

PROPOSED ORDER GRANTING MOTION FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT

EXHIBIT B   PAGE 35

| EVENT | TIMING |
|---|---|
| Last day for WDW to deliver to Class Counsel individual payments for timely submitted and valid claims, and payment for attorneys' fees and litigation costs, settlement administration costs and service fee for Plaintiff | No later than 30 calendar days after Settlement Effective Date; or if objections are filed, within 30 calendar days after expiration of the time to file appeals or the resolution of any appeals filed, unless WDW requests and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld<br><br>[approx. October 28, 2008] |
| Last day for Class Counsel to mail payments to individual Settlement Class Members | No later than 14 calendar days after receipt of the funds from WDW. [approx. November 11, 2008] |
| Dismissal of action with prejudice | Upon filing of proof that timely payments on all claims have been mailed. |

Dated: 4/23 , 2008

Los Angeles County Superior Court Judge

JERRY K. FIELDS, ret.

Submitted on April 21, 2008, by:

KINGSLEY & KINGSLEY, APC

By:
Eric B. Kingsley Gregory E. Given
Attorneys for Plaintiff and the Class

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:
Stephen L. Berry
Attorneys for Defendant
WALT DISNEY WORLD CO.

LEGAL_US_W # 58071726.2

-4-

PROPOSED ORDER GRANTING MOTION FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 2

EXHIBIT B   PAGE 37

REC'D

AUG 14 2008
FILING WINDOW

OR: NAL FILED

AUG 28 2008

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| AMBER GALLOWAY, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY WORLD COMPANY; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. BC381236<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING THE ACTION WITH PREJUDICE AND ENTERING FINAL JUDGMENT<br><br>Date:  August 28, 2008<br>Time:  9:00 a.m.<br>Dept.:  51 |

The motion for final approval of class action settlement of plaintiff Amber Galloway ("Plaintiff"), individually and on behalf of others similarly situated employees, came on regularly before the Court for hearing on August 28, 2008.  Plaintiff and the class were represented by Gregory E. Givens of Kingsley & Kingsley, APC, and defendant Walt Disney World Co. ("WDW") was represented by James A. Zapp of Paul, Hastings, Janofsky & Walker LLP.

The Court has received and considered Stipulation of Settlement and Release between Plaintiff and WDW (the "Settlement Agreement"); granted preliminary approval of the class settlement; granted conditional class certification for settlement purposes only; been informed by

LEGAL_US_W # 59732481.2

-1-

PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT  B   PAGE 38

1   declarations that notice of the class settlement has been given to the class; held a final fairness

2   hearing where the parties appeared with their counsel and all class members were given the

3   opportunity to object to the proposed settlement; received and reviewed briefing and evidence as

4   to why the Settlement should be finally approved as fair, adequate, and in the best interests of the

5   class; and has considered all other arguments and submissions in connection with the Settlement.

6          NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED,

7   ADJUDGED, AND DECREED:

8          1.      The Settlement Agreement and its terms are fair, reasonable, and adequate as to

9   the settling parties, including the class, and are hereby approved in all respects. The parties are

10  hereby directed to perform the terms of the Settlement Agreement and to report to the Court when

11  that performance has been completed.

12

13         2.      The conditional order certifying the class defined in the Settlement Agreement is

14  hereby made final. The certified class is defined as: "All non-exempt employees of WDW who

15  were employed in the Goofy's Kitchen restaurant in the Disneyland Hotel at the Disneyland

16  Resort in Anaheim, California from May 3, 2003, until April 23, 2008" ("the Class" or "Class

17  Members").

18         3.      Pursuant to the terms of the Settlement Agreement, money will be paid out to the

19  Class Members who submitted timely and accepted claims, to the California Labor Workforce

20  Development Agency, to Plaintiff for a class representative enhancement, and to Class Counsel

21  for claims administration costs, attorneys' fees, and attorneys' costs.

22

23         4.      The unopposed application of Class Counsel for a costs and attorneys' fees award

24  is hereby granted. WDW shall pay _60,000 00/100_ to Kingsley & Kingsley,

25  APC in attorneys' fees and $13,997.80 in costs as provided by the Settlement Agreement.

26  Plaintiff Amber Galloway shall receive $5,000 as a Class Representative enhancement. No other

27  costs and fees shall be awarded either against Defendant or any related persons or entities or from

28  the award to the Class.

PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

1        5.     In accordance with the Settlement Agreement and preliminary approval order, a

2    notice was distributed to Class Members who could be identified through reasonable effort. The

3    notice provided due and adequate notice of the proceedings, including the settlement, and of each

4    Class Member's right and opportunity to opt-out, object to, or participate in the settlement. The

5    notice fully satisfied the requirements of due process, including any requirements pursuant to the

6    California Code of Civil Procedure, the California Constitution, and the United States

7    Constitution.

8        6.     All Class Members except those who timely filed a request for exclusion are

9    bound by this Final Judgment and Order of Dismissal with Prejudice ("Final Order") and by the

10    previously-approved Settlement Agreement, including its release of claims. Each Class Member

11    is conclusively deemed to have released WDW and its related entities from any claims as defined

12    in the Settlement Agreement. Each Class Member is barred and permanently enjoined from

13    commencing or prosecuting any of the claims, either directly or indirectly, representatively or in

14    any other capacity, that are released by the Settlement Agreement and this Final Order.

15

16        7.     This action is hereby dismissed on the merits with prejudice. The Court shall

17    retain jurisdiction of this action for the sole purpose of resolving any disputes that may arise as to

18    the implementation of the monetary relief terms of the Settlement Agreement. When a report is

19    received that the monetary relief terms of the Settlement Agreement have been effectuated, the

20    Court's jurisdiction shall be deemed terminated as a final matter for all purposes.

21        8.     The Settlement Agreement and this Final Order are not an admission by WDW of

22    the validity of any claims in this action or for any other wrongdoing. Further, the Settlement

23    Agreement is not a concession, and shall not be used against WDW or its related entities as an

24    admission of wrongdoing, fault, or omission of any entity or persons; nor may any action taken to

25    carry out the terms of the Settlement Agreement be construed as an admission or concession by or

26    against WDW or any of its related entities. Evidence of the making of the Settlement Agreement

27    shall not be offered or received in any action or proceeding against any party in any Court or

28

1   other tribunal for any purpose other than to enforce this Final Order, the Settlement Agreement,

2   or to support a defense of *res judicata*, collateral estoppel, release, good faith settlement,

3   judgment bar, or reduction of any other theory of claim or issue preclusion or similar defense or

4   claim.

5

6

7   Dated: _____, 2008        _____

                                   Los Angeles County Superior Court Judge

8

9   Submitted on August 14, 2008, by:

10

11  KINGSLEY & KINGSLEY, APC

12

13  By: _____

        Eric B. Kingsley

14  Attorneys for Plaintiff and the Class

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT  B  PAGE  41

# EXHIBIT 3

EXHIBIT B PAGE 42

1   CHRISTOPHER J. HAMNER (SB# 197117)
    HAMNER LAW OFFICES, APC
2   16601 Ventura Blvd., Suite 204
    Encino, CA  91436
3   Telephone: (818) 386-0444
    Facsimile: (818) 386-0050
4
    Attorneys for Plaintiffs
5   SODAJOHN LAM and JASON DANFORD
6   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    PAUL GROSSMAN (SB# 035959)
7   STEPHEN L. BERRY (SB# 101576)
    695 Town Center Drive
8   Seventeenth Floor
    Costa Mesa, CA  92626-1924
9   Telephone: (714) 668-6200
    Facsimile: (714) 979-1921
10
    Attorneys for Defendant
11  WALT DISNEY WORLD CO.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

JUN 30 2008

ALAN SLATER, Clerk of the Court
BY P. RIOS

ELECTRONICALLY
RECEIVED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

Jun 30 2008

ALAN SLATER, Clerk of the Court

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA
13
14           COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

15
16  SODAJOHN LAM and JASON          CASE NO. 30-2008-00044743
    DANFORD, on behalf of themselves and
    all others similarly situated,      Judge Thierry Patrick Colaw
17                                      Dept. CX-104
            Plaintiffs,
18
        vs.                            [REVISED PROPOSED] ORDER
19                                     GRANTING MOTION FOR
                                       PRELIMINARY APPROVAL OF CLASS
    WALT DISNEY WORLD CO., a           ACTION SETTLEMENT
20  California corporation; and DOES 1
    through 10, inclusive,
21
            Defendants.               Complaint Filed: February 6, 2008
22                                    Trial Date: None Set
23
24
25
26
27
28
    LEGAL_US_W # 58711737.2

        [REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
                                    SETTLEMENT

EXHIBIT B PAGE 43

1        The joint motion for preliminary approval of class action settlement came on for

2   hearing before this Court in Department CX-104, the Honorable Thierry Partrick Colaw,

3   presiding, on June 27, 2008.  The Court having considered the papers submitted in support of the

4   motion and having heard oral argument of the parties, HEREBY ORDERS THE FOLLOWING:

5

6        1.     The Court grants preliminary approval of the settlement based upon the

7   terms set forth in the Stipulation of Settlement and Release ("Settlement Agreement") filed with

8   the Court.  The settlement appears to be fair, adequate, and reasonable to the class;

9

10       2.     The settlement falls within the range of reasonableness and appears to be

11  presumptively valid, subject only to any objections that may be raised at the final hearing;

12

13       3.     The Court approves, as to form and content, the revised Notice of

14  Pendency of Class Action ("Notice"), submitted to the Court following the hearing on this

15  motion, the Claim Form and Release, attached as Exhibit 2 to the Settlement Agreement, and the

16  Request for Exclusion Form, attached as Exhibit 3 to the Settlement Agreement;

17

18       4.     The Court directs the mailing of the Notice, the Claim Form and Release,

19  and the Request for Exclusion Form by first class mail to the Settlement Class Members in

20  accordance with the schedule set forth below.  The Court finds that the dates selected for the

21  mailing and distribution of the Notice, the Claim Form and Release, and Request for Exclusion

22  Form, as set forth herein, meet the requirements of due process and provide the best notice

23  practicable under the circumstances and shall constitute due and sufficient notice to all persons

24  entitled thereto;

25

26       5.     It is ordered that the settlement class is preliminarily certified for

27  settlement purposes only;

28
LEGAL_US_W # 58711737.2                          -1-

[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

EXHIBIT B PAGE 44

1      6.    The Court confirms Christopher Hamner and Hamner Law Offices, APC,

2  as Class Counsel and settlement administrator, and grants preliminary approval to an award of

3  attorneys' fees to Class Counsel in an amount to be set on motion, plus costs of up to $1,500.

4

5      7.    The Court confirms Sodajohn Lam and Jason Danford as the Class

6  Representatives and grants preliminary approval to a proposed service payment to Plaintiffs in an

7  amount to be set on motion, but not to exceed $7,500 each;

8

9      8.    The Court grants preliminary approval of the Public Attorneys General Act

10  payment of $10,000 to the Labor Work Force Development Agency; and

11

12      9.    The Court grants preliminary approval of Rust Consulting, Inc. as

13  settlement administrator, and to payment of fees and other charges of the settlement administrator

14  in an amount to be set on motion, but not to exceed $205,000.

15

16      10.    The Court orders the following schedule of dates for the specified

17  actions/further proceedings:

18

19  | EVENT | TIMING |
20  | --- | --- |
    | Last day for WDW to provide to claim administrator the list of all Settlement Class Members, including names and last known addresses. | Within 15 business days after entry of Court's Order granting preliminary approval of Settlement [July 22, 2008] |
21
22  | Last day for claim administrator to mail Notice, Claim Form, and Exclusion Form to Settlement Class Members | Within 30 calendar days after preliminary approval [July 30, 2008] |
23
24  | Last day for Settlement Class Members to submit required Claim Form, Exclusion Form and W-9 Form or to submit written objections to the settlement | Within 60 calendar days after mailing of class Notice [September 29, 2008] |
25
26  | Last day for claim administrator to provide to WDW's counsel copies of all received Claim Forms, Exclusion Forms, W-9 Forms and objections. | No later than 10 calendar days after the last day for Settlement Class Members to submit completed Claim Form, Exclusion Form, or objections [October 9, 2008] |
27
28  LEGAL_US_W # 58711737.2                    -2-

[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

| EVENT | TIMING |
|---|---|
| Last day for Class Counsel to file and serve moving papers in support of final settlement approval and request for attorneys' fees and costs | At least 14 calendar days before the final settlement approval hearing [October 24, 2008] |
| Last day for Class Counsel to file with the Court and serve declaration by claim administrator specifying the due diligence undertaken with regard to the mailing of the Notice | At least 5 court days prior to the final settlement approval hearing [October 30, 2008] |
| Final settlement approval hearing | November 7, 2008, at 11:00 a.m. |
| Last day for claim administrator to advise counsel for the Parties of total number of valid individual claims timely submitted by Settlement Class Members and total amount of the Remainder to be paid to these Settlement Class Members | Within 7 calendar days after entry of order granting final settlement approval [November 14, 2008] |
| Settlement Effective Date | 30 calendar days after entry of court order granting final settlement approval, or, if there is any objection to the settlement, within 30 calendar days after expiration of the time to file appeals or the resolution of any appeals filed, unless WDW requests and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld [approx. December 8, 2008] |
| Last day for WDW to deliver to claim administrator individual payments for timely submitted and valid claims, and payment for attorneys' fees and litigation costs, settlement administration costs and service fee for Plaintiffs | No later than 30 calendar days after Settlement Effective Date; or if objections are filed, within 30 calendar days after expiration of the time to file appeals or the resolution of any appeals filed, unless WDW requests and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld [approx. January 7, 2009] |
| Last day for claim administrator to make payment of Class Counsel's court-approved attorneys' fees and costs | No later than 10 calendar days after receipt of the funds from WDW [approx. January 16, 2009] |
| Last day for claim administrator to mail payments to individual Settlement Class Members | No later than 35 calendar days after receipt of the funds from WDW [approx. February 11, 2009] |

LEGAL_US_W # 58711737.2

-3-

[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

EXHIBIT B   PAGE 46

| EVENT | TIMING |
|---|---|
| Dismissal of action with prejudice | Upon filing of proof that timely payments on all claims have been mailed. |

Dated: 30 June , 2008

_Thierry Patrick Colaw_
Orange County Superior Court Judge

Submitted on June 30, 2008, by:

HAMNER LAW OFFICES, APC

By: _____
Christopher J. Hamner
Attorneys for Plaintiffs and the Class

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Stephen M. Berry
Attorneys for Defendant
WALT DISNEY WORLD CO.

LEGAL_US_W # 58711737.2                    -4-

[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 4

EXHIBIT B PAGE 48

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

NOV 07 2008

ALAN CARLSON, Clerk of the Court

BY P RIEF

1

2

3

4

5

6

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11   SODAJOHN LAM and JASON          CASE NO. 30-2008-00044743
     DANFORD, on behalf of themselves and
12   all others similarly situated,        [PROPOSED] ORDER GRANTING
                                           FINAL APPROVAL OF CLASS
13              Plaintiffs,                 ACTION SETTLEMENT, DISMISSING
                                           THE ACTION WITH PREJUDICE AND
14        vs.                              ENTERING FINAL JUDGMENT

15   WALT DISNEY WORLD CO., a
     California corporation; and DOES 1     Date:  November 7, 2008
16   through 10, inclusive,                 Time:  11:00 a.m.
                                            Dept.: CX-104
17              Defendants.

18

19

20        The motion for final approval of class action settlement of plaintiffs Sodajohn Lam and

21   Jason Danford ("Plaintiffs"), individually and on behalf of others similarly situated employees,

22   came on regularly before the Court for hearing on November 7, 2008.  Plaintiffs and the class

23   were represented by Christopher J. Hamner of Hamner Law Offices, APC, and defendant Walt

24   Disney World Co. ("WDW") was represented by Stephen L. Berry of Paul, Hastings, Janofsky &

25   Walker LLP.

26

27        The Court has received and considered Stipulation of Settlement and Release between

28   Plaintiffs and WDW (the "Settlement Agreement"); granted preliminary approval of the class

LEGAL_US_W # 60117330.1

-1-

EXHIBIT B PAGE 49

1  settlement; granted conditional class certification for settlement purposes only; been informed by

2  declarations that notice of the class settlement has been given to the class; held a final fairness

3  hearing where the parties appeared with their counsel and all class members were given the

4  opportunity to object to the proposed settlement; received and reviewed briefing and evidence as

5  to why the Settlement should be finally approved as fair, adequate, and in the best interests of the

6  class; and has considered all other arguments and submissions in connection with the Settlement.

7      NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED,

8  ADJUDGED, AND DECREED:

9      1.     The Settlement Agreement and its terms are fair, reasonable, and adequate as to

10  the settling parties, including the class, and are hereby approved in all respects.  The parties are

11  hereby directed to perform the terms of the Settlement Agreement and to report to the Court when

12  that performance has been completed.

13

14      2.     The conditional order certifying the class defined in the Settlement Agreement is

15  hereby made final.  The certified class is defined as: "All non-exempt employees of WDW and its

16  affiliates in California who were employed at the Disneyland Resort in Anaheim and in its

17  ancillary operations in non-contiguous locations in California, including Fullerton, Ontario, and

18  Glendale, except for those in the Goofy's Kitchen restaurant in the Disneyland Hotel, from

19  February 6, 2004, until June 30, 2008" ("the Class" or "Class Members").

20

21      3.     Pursuant to the terms of the Settlement Agreement, money will be paid out to the

22  Class Members who submitted timely and accepted claims, to the California Labor Workforce

23  Development Agency, to Plaintiffs for class representative service payments, to the Settlement

24  Administrator for claims administration costs, and to Class Counsel for attorneys' fees and costs.

25  The remainder of the Maximum Settlement Payment (as defined in the Settlement Agreement),

26  after deducting the foregoing amounts, will be paid to the Boys & Girls Clubs of Anaheim.  No

27  other amounts shall be awarded either against WDW or any related persons or entities or from the

28  Maximum Settlement Payment to the Class Members.

EXHIBIT B PAGE 50

1    4.    The unopposed application of Class Counsel for an award of costs and attorneys'

2  fees and for service payments to the Class Representatives is hereby granted. Hamner Law

3  Offices, APC shall be paid the sum of $375, 000 in attorneys' fees and $1,500 in costs from the

4  Maximum Settlement Payment. In addition, plaintiffs Sodajohn Lam and Jason Danford shall be

5  paid the sum of $4,500 each from the maximum Settlement Payment as a Class Representative

6  service payment.

7    5.    In accordance with the Settlement Agreement and preliminary approval order, a

8  notice was distributed to Class Members who could be identified through reasonable effort. The

9  notice provided due and adequate notice of the proceedings, including the settlement, and of each

10  Class Member's right and opportunity to opt-out, object to, or participate in the settlement. The

11  notice fully satisfied the requirements of due process, including any requirements pursuant to the

12  California Code of Civil Procedure, the California Constitution, and the United States

13  Constitution.

14

15    6.    All Class Members except those who timely filed a request for exclusion are

16  bound by this Final Judgment and Order of Dismissal with Prejudice ("Final Order") and by the

17  previously-approved Settlement Agreement, including its release of claims. Each Class Member

18  is conclusively deemed to have released WDW and its related entities from all known or

19  unknown Released Claims (as defined in Paragraph 15 the Settlement Agreement). For

20  clarification, Class Counsel and counsel for WDW have represented that the Civil Code section

21  1542 waiver contained in paragraph 16 of the Settlement Agreement and in the claim form and

22  release signed by the Class Members who submitted timely and valid claims is not intended to be

23  a general release of all known and unknown claims, but rather is intended to make clear that the

24  claimant is releasing the claims which are enumerated in Paragraph 15 of the Settlement

25  Agreement and in the claim form, regardless of whether the claimant knows of the alleged

26  violation(s). With this clarification, each Class Member is barred and permanently enjoined from

27  commencing or prosecuting, either directly or indirectly, representatively or in any other capacity,

28  any of the claims released by Paragraph 15 of the Settlement Agreement and this Final Order.

LEGAL_US_W # 60117330.1

-3-

PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

7.      This action is hereby dismissed on the merits with prejudice.  The Court shall retain jurisdiction of this action for the sole purpose of resolving any disputes that may arise as to the implementation of the monetary relief terms of the Settlement Agreement.  When a report is received that the monetary relief terms of the Settlement Agreement have been effectuated, the Court's jurisdiction shall be deemed terminated as a final matter for all purposes.

8.      The Settlement Agreement and this Final Order are not an admission by WDW of the validity of any claims in this action or for any other wrongdoing.  Further, the Settlement Agreement is not a concession, and shall not be used against WDW or its related entities as an admission of wrongdoing, fault, or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement Agreement be construed as an admission or concession by or against WDW or any of its related entities.  Evidence of the making of the Settlement Agreement shall not be offered or received in any action or proceeding against any party in any Court or other tribunal for any purpose other than to enforce this Final Order, the Settlement Agreement, or to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction of any other theory of claim or issue preclusion or similar defense or claim.


Dated: _7 November_, 2008               _Thierry Phil Colaw_
                                        Orange County Superior Court Judge


Submitted on November 7, 2008, by:


HAMNER LAW OFFICES, APC


By: _____
    Christopher J. Hamner
    Attorneys for Plaintiffs and the Class

PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B PAGE 52

WDP&RUS, Inc. 06/03/11 11:24a

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., doing business as DISNEYLAND HOTEL, and DOES 1-10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br><br>BENJAMIN GALVEZ, individually and on behalf of all others similarly situated | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**05/05/2011** at 09:29:13 AM<br><br>Clerk of the Superior Court<br>By Maarit H Nordman, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):   Judge David C. Velasquez<br><br>Orange County Superior Court, Civil Complex Center<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | **CASE NUMBER:**<br>(Número del Caso):<br>30-2011-00473272-CU-OE-CXC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James Hawkins, APLC, 9880 Research Dr., Suite 200, Irvine, CA 92618; Tel: (949) 387-7200

| | | | |
|---|---|---|---|
| DATE: 05/05/2011   ALAN CARLSON, Clerk of the Court<br>(Fecha), | , by<br>(Secretario) | _Maarit H Nordman_ | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).   Maarit H Nordman

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Walt Disney Parks and Resorts U.S., Inc., doing business as Disneyland Hotel

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT C PAGE 53



*WDPR US, Inc.*        *06/23/11*        *4:13 pm*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** | |
| STREET ADDRESS: 751 W. Santa Ana Blvd | |
| MAILING ADDRESS: .P.O. Box 22028 | |
| CITY AND ZIP CODE: Santa Ana, CA 92702 | |
| BRANCH NAME: Civil Complex Center | |
| TELEPHONE NUMBER: (657) 622-5300 | |

SHORT TITLE: GALVEZ VS. WALT DISNEY PARKS AND RESORTS U.S., INC.

| | |
|---|---|
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER: <br> 30-2011-00473272-CU-OE-CXC |

Your case has been re-assigned for all purposes to the judicial officer indicated below. The hearing dates of all matters currently set are to remain and will be heard before the judicial officer indicated below. A copy of this information must be provided to any new parties that you bring into this action.

The court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides in this matter unless, prior to the expiration of time in which to exercise said rights, the contrary is first brought to the attention of the Court, by Ex Parte Motion. Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6

**Assigned To:**  Judge Kim G. Dunning          **Dept #** CX104

**Start Date:**    07/01/2011          **Location:** Civil Complex Center
                                                                751 W. Santa Ana Blvd
                                                                Santa Ana, CA 92701

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov. Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

**Other Information**

* The following local Orange County Superior Court rules are listed for your convenience:
   - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
   - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.

Date: 06/13/2011

                                                    R. August J
                                Clerk of the Court, by: _____ Deputy

EXHIBIT _D_ PAGE _54_

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92702

**SHORT TITLE:** GALVEZ VS. WALT DISNEY PARKS AND RESORTS U.S., INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>**30-2011-00473272-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE OF CASE REASSIGNMENT</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana, California</u> on <u>06/13/2011</u>. The mailing occurred at <u>Sacramento, California</u> on <u>06/14/2011</u>.

Clerk of the Court, by: _R. August_ _____, Deputy

JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

EXHIBIT _D_ PAGE _55_

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    PAUL GROSSMAN (SB# 035959)
2   STEPHEN L. BERRY (SB# 101576)
    JOSEPH R. ANDERSON (SB# 261382)
3   695 Town Center Drive
    Seventeenth Floor
4   Costa Mesa, CA 92626-1924
    Telephone: (714) 668-6200
5   Facsimile: (714) 979-1921

6   Attorneys for Defendant
    WALT DISNEY PARKS AND RESORTS U.S., INC.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

06/30/2011 at 04:27:00 PM

Clerk of the Superior Court
By Enrique Veloz,Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF ORANGE, CIVIL COMPLEX CENTER

10

11   BENJAMIN GALVEZ, individually and          CASE NO.  30-2011-00473272-CU-OE-CXC
     on behalf of all others similarly situated,
12                                              Hon. Kim G. Dunning
              Plaintiff,                         Dept. CX-104
13
         vs.
14                                              ANSWER TO PLAINTIFF'S UNVERIFIED
     WALT DISNEY PARKS AND RESORTS             CLASS ACTION COMPLAINT BY
15   U.S., INC., doing business as             DEFENDANT
     DISNEYLAND HOTEL, and DOES 1-10,
16   inclusive,
                                               Complaint Filed: May 5, 2011
17            Defendant.                        Trial Date:  None Set

18

19

20   TO PLAINTIFF BENJAMIN GALVEZ AND TO HIS ATTORNEYS OF RECORD, JAMES

21   HAWKINS APLC:

22

23         Defendant Walt Disney Parks And Resorts U.S., Inc. ("Defendant"), for

24   itself alone and no other defendant, hereby answers the unverified complaint

25   ("Complaint") of plaintiff Benjamin Galvez ("Plaintiff"), as follows:

26

27

28

LEGAL_US_W # 68453071.1

                              ANSWER TO COMPLAINT

                              EXHIBIT __E__ PAGE 56

1    Pursuant to Section 431.30(d) of the California Civil Procedure Code,

2    Defendant denies, generally and specifically, each and every allegation in Plaintiff's

3    Complaint.

4    Defendant further denies, generally and specifically, that Plaintiff and the

5    class of persons he seeks to represent is entitled to the relief requested, or that Plaintiff

6    and the class of persons he seeks to represent has been or will be damaged in any sum, or

7    at all, by reason of any act or omission on the part of Defendant, or any of its past or

8    present agents, representatives, or employees.

9

10    Without admitting any facts alleged by Plaintiff, Defendant also pleads the

11    following separate and affirmative defenses to the Complaint:

12

13    ## AFFIRMATIVE DEFENSES

14    ## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

15

16    1.    The Complaint, and each purported cause of action contained therein,

17    fails to state facts sufficient to constitute a cause of action.

18

19    ## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

20

21    2.    The Complaint, and each purported cause of action contained therein,

22    is barred in whole or in part by the release of claims, and final approval order dated

23    November 7, 2008, entering dismissal with prejudice and final judgment, in *Sodajohn*

24    *Lam, et al. v. Walt Disney World Co.*, OCSC Case No. 30-2008-00044743.

25

26

27

28

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337, 338, 339, 340(a); California Labor Code sections 200 *et seq.*; and California Business and Professions Code section 17208.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4. Plaintiff and the class of persons he seeks to represent, the existence of which is expressly denied, have waived their rights, if any, to obtain the relief sought in the Complaint by reason of their acts, conduct, and omissions.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5. Plaintiff and the class he seeks to represent, the existence of which is expressly denied, are estopped from pursuing the claims in the Complaint, and each purported claim contained therein, by reason of their own actions and course of conduct.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6. The Complaint, and each purported cause of action contained therein, is not proper for treatment as a class action or representative action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class, (b) Plaintiff cannot establish commonality of claims, (c) Plaintiff cannot establish typicality of claims, and (d) the individualized nature of Plaintiff's claims make class treatment inappropriate.

EXHIBIT E    PAGE 58

<u>SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

7.    Plaintiff's request for class certification should be denied because liability, if any, to each member of the proposed class may not be determined by a single factfinder or on a group-wide basis, and therefore allowing this action to proceed as a class action would violate Defendant's rights to due process and trial by jury.

<u>EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

8.    The first cause of action is barred against Defendant because Plaintiff and the class of persons he seeks to represent, the existence of which is expressly denied, were paid for all hours worked, and were timely paid all wages owed in accordance with applicable law.

<u>NINTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

9.    Some or all of the disputed working time for which Plaintiff and the class he seeks to represent, the existence of which is expressly denied, claim they are owed by Defendant is not compensable pursuant to the *de minimis* doctrine.

<u>TENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

10.    Any failure by Defendant to pay any wages due, and/or failure to pay such wages by a certain time, was not willful, but rather was based on a good faith belief and/or dispute that no additional wages were owed, and therefore, no penalties are appropriate under Labor Code section 203 or other statutory or regulatory provision.

EXHIBIT  E  PAGE 59

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11.     The second cause of action of the Complaint is barred against Defendant because Plaintiff and the class he seeks to represent, the existence of which is expressly denied, were provided the opportunity to take required meal periods in accordance with the applicable provisions of the Labor Code and wage order.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     The second cause of action is barred against Defendant to the extent that Plaintiff and the class of persons he seeks to represent, the existence of which is expressly denied, waived any and all meal periods that they did not take.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.     The third cause of action of the Complaint is barred against Defendant because Plaintiff and the class he seeks to represent, the existence of which is expressly denied, were authorized and permitted to take required rest breaks in accordance with the applicable provisions of the Labor Code and wage order.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14.     The third cause of action is barred against Defendant to the extent that Plaintiff and the class of persons he seeks to represent, the existence of which is expressly denied, waived any and all rest breaks that they did not take.

EXHIBIT  E  PAGE  60

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.    The fourth cause of action is barred against Defendant because Plaintiff and the class of persons he seeks to represent, the existence of which is expressly denied, authorized in writing any non-legally required deductions from their wages.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    The Complaint, and each and every purported cause of action contained therein, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.    Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.    Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.    Plaintiff's claims for penalty and restitution damages, if any, are barred because (a) California law regarding the conduct in question is too vague to permit the imposition of penalty damages; and (b) restitution damages under California Business

ANSWER TO COMPLAINT

EXHIBIT _E_ PAGE _61_

1   and Professions Code sections 17200 *et seq.* deny due process, impinge upon procedural

2   and substantive due process rights, and violate the United States Constitution.

3

4   <u>TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE</u>

5

6       20.   If Plaintiff and the class he seeks to represent sustained any loss,

7   injury, damage or detriment as alleged in the Complaint, the loss, injury, damage, or

8   detriment was caused or contributed to by their actions in that they did not exercise

9   ordinary care on their own behalf, and in the performance of their employment at the

10  times and places alleged in the Complaint, and their own actions and omissions

11  proximately caused and contributed to the loss, injury, damage or detriment alleged in the

12  Complaint, and their recovery from Defendant, if any, should be reduced in proportion to

13  the percentage of their negligence or in proportion to their fault.

14

15      WHEREFORE, Defendant prays for judgment as follows:

16

17      1.   That class certification be denied;

18

19      2.   That Plaintiff take nothing by reason of his Complaint, that the

20  Complaint be dismissed in its entirety with prejudice, and that judgment be entered for

21  Defendant;

22

23      3.   That Defendant be awarded its reasonable costs and attorneys' fees,

24  including pursuant to Labor Code section 218.5; and

25

26  /// 

27

28

LEGAL_US_W # 68453071.1                 -7-

ANSWER TO COMPLAINT

EXHIBIT *E* PAGE 67

1          4.      That Defendant be awarded such other and further relief as the Court

2    deems just and proper.

3

4    DATED:  June 30, 2011          PAUL, HASTINGS, JANOFSKY & WALKER LLP

5

6                                   By: _____

7                                          STEPHEN L. BERRY

8                                   Attorneys for Defendant
                                    WALT DISNEY PARKS AND RESORTS U.S., INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E   PAGE 63

## PROOF OF SERVICE

STATE OF CALIFORNIA )

                             ) ss:

CITY OF COSTA MESA AND COUNTY OF )
ORANGE )

       I am employed in the City of Costa Mesa and County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 695 Town Center Drive, Seventeenth Floor, Costa Mesa, California 92626-1924.

       On June 30, 2011, I served the foregoing document(s) described as:

**ANSWER TO COMPLAINT**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

       James Hawkins APLC
       9880 Research Drive, Suite 200
       Irvine, cA 92618
       Phone: 949.387.7200
       Fax: 949.387.6676

☐   **VIA OVERNIGHT MAIL: VIA** _____ :By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒   **VIA U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on June 30, 2011 with postage thereon fully prepaid, at Costa Mesa, California.

☐   **VIA PERSONAL DELIVERY:** I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐   **VIA FACSIMILE:** The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # _____ on June 30, 2011 at _____. A copy of that report, which was properly issued by the transmitting machine, is attached hereto. **[Permitted by written agreement of the parties.]**

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on June 30, 2011, at Costa Mesa, California.

_____
               Katie Post

LEGAL_US_W # 68456694.1

EXHIBIT E PAGE 64

PAUL, HASTINGS, JANOFSKY & WALKER LLP
PAUL GROSSMAN (SB# 035959)
STEPHEN L. BERRY (SB# 101576)
JOSEPH R. ANDERSON (SB# 261382)
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| BENJAMIN GALVEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., doing business as DISNEYLAND HOTEL, and DOES 1-10, inclusive,<br><br>    Defendant. | CASE NO. 30-2011-00473272-CU-OE-CXC<br><br>Hon. Kim G. Dunning<br>Dept. CX-104<br><br>**NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint Filed: May 5, 2011<br>Trial Date: None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on July 1, 2011, defendant WALT DISNEY PARKS AND RESORTS U.S., INC. filed in the United States District Court for the Central District of California a Notice of Removal of Civil Action to Federal Court. A copy of the Notice of Removal is attached hereto as Exhibit A.

EXHIBIT _F_ PAGE 65

LEGAL_US_W # 68358591.1

1   Pursuant to 28 U.S.C. section 1446(d), the filing of the Notice of Removal in the

2   federal district court, together with the filing of a copy of the Notice of Removal with this Court,

3   effects the removal of this action, and this Court may proceed no further unless and until the case

4   is remanded.

5

6   DATED:  July 1, 2011                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

7

8

9   By: _____
                                    STEPHEN L. BERRY

10

11  Attorneys for Defendant
    WALT DISNEY PARKS AND RESORTS U.S., INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A OMITTED

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    PAUL GROSSMAN (SB# 035959)
2   STEPHEN L. BERRY (SB# 101576)
    JOSEPH R. ANDERSON (SB# 261382)
3   695 Town Center Drive
    Seventeenth Floor
4   Costa Mesa, CA 92626-1924
    Telephone: (714) 668-6200
5   Facsimile: (714) 979-1921

6   Attorneys for Defendant
    WALT DISNEY PARKS AND RESORTS U.S., INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF ORANGE, CIVIL COMPLEX CENTER

10

11  BENJAMIN GALVEZ, individually and          CASE NO. 30-2011-00473272-CU-OE-CXC
    on behalf of all others similarly situated,
12                                              Hon. Kim G. Dunning
                    Plaintiff,                  Dept. CX-104
13
         vs.
14                                              **NOTICE TO ADVERSE PARTY OF
    WALT DISNEY PARKS AND RESORTS               REMOVAL OF CIVIL ACTION TO
15  U.S., INC., doing business as              FEDERAL COURT**
    DISNEYLAND HOTEL, and DOES 1-10,
16  inclusive,
                                                Complaint Filed: May 5, 2011
17                  Defendant.                  Trial Date: None Set

18

19

20

21  TO PLAINTIFF BENJAMIN GALVEZ AND HIS ATTORNEYS OF RECORD, JAMES

22  HAWKINS APLC:

23

24          PLEASE TAKE NOTICE that on July 1, 2011, defendant WALT DISNEY

25  PARKS AND RESORTS U.S., INC. filed a Notice of Removal of this action in the United States

26  District Court for the Central District of California.

27                                       EXHIBIT _6_ PAGE _68_

28

LEGAL_US_W # 68358514.1

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    A copy of the Notice of Removal accompanies this Notice.

2

3    DATED:  July 1, 2011              PAUL, HASTINGS, JANOFSKY & WALKER LLP

4

5

6    By: _____
                          STEPHEN L. BERRY

7
     Attorneys for Defendant
8    WALT DISNEY PARKS AND RESORTS U.S., INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        EXHIBIT G PAGE 69
28

LEGAL_US_W # 68358514.1                 -2-

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**PROOF OF SERVICE BY MAIL**

1   I am a citizen of the United States and employed in Orange County,
2
California.  I am over the age of eighteen years and not a party to the within-entitled
3
4   action.  My business address is 695 Town Center Drive, Seventeenth Floor, Costa
5   Mesa, California  92626-1924.  I am readily familiar with this firm's practice for
6   collection and processing of correspondence for mailing with the United States
7   Postal Service.  On July 1, 2011, I placed with this firm at the above address for
8   deposit with the United States Postal Service a true and correct copy of the within
9   document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446;
DECLARATION OF MARSHA REED IN
SUPPORT THEREOF**

in a sealed envelope, postage fully paid, addressed as follows:

James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618
Phone: 949.387.7200
Fax:  949.387.6676

   Following ordinary business practices, the envelope was sealed and placed
for collection and mailing on this date, and would, in the ordinary course of
business, be deposited with the United States Postal Service on this date.

   I declare under penalty of perjury under the laws of the United States
of America that I am employed in the office of a member of the bar of this court at
whose direction the service was made and that all of the above is true and correct.

   Executed on July 1, 2011, at Costa Mesa, California.

_____
Katie Post